**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JUAN PABLO RAMOS AVALOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03644 JLT EPG (HC)

A File: 240-085-080

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS IN LIGHT OF NEW INFORMATION, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, ORDERING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING; AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 10)

Petitioner is a citizen of Guatemala who entered the United States in or about April 2023 by crossing the border without inspection. (Doc. 1 at 4.) He does not appear to have been encountered by or had any interactions with immigration officials until he was detained by ICE agents at a bus station while waiting for transportation to his construction job on July 3, 2025. (*Id*. at 5.) He proceeds with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention. (*See generally id*.) Petitioner alleges he has no criminal history, (*id*. at 5), and Respondents do not contest that assertion.

On August 18, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be denied (Doc. 10), relying in part on a written bond memorandum issued an Immigration Judge on February 27, 2026, following a hearing provided

to Petitioner on January 5, 2026. (Doc. 6-1.) The bond memorandum suggested that DHS had determined Petitioner was not subject to mandatory detention but was instead found to be a flight risk under 8 U.S.C. § 1226(a). (*Id.*) On August 24, 2026, Petitioner filed timely objections to the findings and recommendations. (Doc. 11.)

Upon review of the entire record, the Court requested that Respondents provide a copy of the bond hearing audio, (Doc. 12), which was received on September 25, 2026. (Doc. 13.) According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court departs from the findings and recommendations and will grant the petition.

During the 6-minute[1] hearing on January 5, 2026, the IJ asked Petitioner, who was represented by counsel and assisted by an interpreter, several questions related to his connections to the United States. Specifically, the IJ asked whether Petitioner was married to a U.S. Citizen or Green Card holder, whether he had U.S. Citizen children, whether and when he applied for asylum; whether he had a criminal record; why he claimed asylum; and then when he arrived in the United States. (Hrg. Audio at 2:19 to 4:58). When Petitioner indicated that he arrived in 2023, counsel for the government interrupted and argued that the IJ did not have jurisdiction to grant bond. (*Id*. at 4:59-5:15) The IJ agreed and adjourned the hearing without allowing Petitioner to argue the issue of flight risk or present any affirmative evidence or testimony. (*Id*. at 5:16-6:40.)

This provides additional perspective against which to view the IJ's Bond Memorandum, which states in full:

> Respondent is a native and citizen of Guatemala. The DHS filed a Bond Redetermination Request with this Court. The Court conducted a hearing on this request on January 5, 2026. The Court considered the documentary evidence and the testimony of the Respondent.
>
> A noncitizen who is in the custody of the government and not subject to mandatory detention may apply to an immigration judge for a redetermination of his custody status at any time before a removal order becomes administratively final. 8 C.F.R. Section 1236.1(d). An immigration Judge has "extremely broad discretion" in determining whether to release a noncitizen on bond by considering several factors. *See Matter of Guerra*, 24 I&N Dec. 37, 39-40 (BIA 2006).

[1] Approximately two minutes of that hearing were taken up with introductory matters, including administering the oath.

> These factors include whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a pool bail risk. *Id*. At 40. An immigration judge may consider any or all of the factors in making his or her determination. *Id*. In making his or her determination, an immigration judge can consider any evidence in the record that is "probative and specific." *Id*.
>
> Respondent is a flight risk. Respondent is under CLP without exceptions. After due consideration of the record of evidence and testimony in this matter, the Court finds that the respondent is a flight risk.
>
> Dated this February 27, 2026

(Doc. 6-1.) It is not clear how or why the IJ reduced his oral ruling of no jurisdiction to writing in this manner. What is clear is that Petitioner was not "given a meaningful opportunity to be heard and make a showing that he is not a danger or flight risk." *Singh Y. v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-01965-TLN-AC, 2026 WL 234939, at *3 (E.D. Cal. Jan. 29, 2026). Instead, the bond hearing concluded with a finding of no jurisdiction on the theory that Petitioner is subject to mandatory detention.

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A)(mandatory detention), governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no indication that Respondents have provided Petitioner with any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.

2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.
4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
6. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order.
7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 29, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE